1  STROOCK & STROOCK & LAVAN LLP
   JAMES E. FITZGERALD (State Bar No. 108785)
2  BRIAN FODERA (State Bar No. 246391)
   2029 Century Park East, Suite 1600
3  Los Angeles, California 90067-3086
   Telephone: 310-556-5800
4  Facsimile: 310-556-5959
   E-mail: lacalendar@stroock.com
5
   Attorneys for Defendant
6  Allstate Insurance Company

7
                    UNITED STATES DISTRICT COURT
8
                   CENTRAL DISTRICT OF CALIFORNIA
9

10 RAY BLANCO,                          ) Case No. CV 10-08620-GAF(Ex)
                                        )
11         Plaintiff,                   ) Assigned to the Hon. Gary A. Feess
                                        )
12     vs.                              )
                                        ) STIPULATION AND [PROPOSED]
13 ALLSTATE INSURANCE COMPANY;          ) ORDER REGARDING
   and DOES 1 through 50, inclusive,    ) CONFIDENTIALITY OF
14                                      ) DOCUMENTS
           Defendants.                  )
15                                      ) Action Filed:    September 27, 2010
                                        )
16                                      )
                                        )
17                                      )
                                        )
18                                      )
                                        )
19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS
LA 51369581

1   THE PARTIES TO THIS ACTION, THROUGH THEIR COUNSEL OF
2   RECORD, STIPULATE AS FOLLOWS:
3       Plaintiff Ray Blanco filed an action against Defendant Allstate Insurance
4   Company ("Allstate") for breach of contract and breach of the implied covenant of
5   good faith and fair dealing. Allstate disputes these claims.
6       Documents from the claim files of Allstate insureds and other confidential,
7   proprietary, and/or privileged documents of Allstate may be needed to prosecute and
8   defend this action. Allstate objects to the production of certain requested documents
9   on the grounds, inter alia, that the information in those documents: (1) may be
10  protected by the attorney-client privilege, (2) may be confidential and/or contain
11  proprietary information, and (3) may contain confidential information of third
12  parties. The parties, through their respective counsel, make this stipulation to
13  provide a means to limit the utilization of documents produced by Allstate for the
14  purpose of this case. As set forth below, this stipulation does not provide a means to
15  limit the utilization of documents that other parties have produced in this Action.
16      Accordingly, IT IS HEREBY ORDERED THAT:
17      1.    In connection with any discovery, trial or appeal in this Action, this
18  Confidentiality Order shall apply to all documents provided by Allstate to the parties
19  and/or their counsel in this Action from and after February 4, 2010, that Allstate
20  designates as privileged, confidential and/or proprietary, subject to the limitation
21  described below.
22      Allstate's designation of documents as privileged, confidential and/or
23  proprietary in its production shall not apply to documents produced by other parties
24  to this Action. Documents that other parties to this Action have produced before the
25  effective date of this Stipulation shall not be deemed privileged, confidential and/or
26  proprietary because Allstate designates identical documents as privileged,
27  confidential and/or proprietary in its production.
28

- 1 -

REVISED STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS
LA 51369581

The categories of documents contemplated by this Confidentiality Order, include but are not limited to, the following documents: (1) any Allstate claims manuals, underwriting manuals, policy statement or procedures guidelines documents; and (2) any Allstate underwriting documents.

Documents designated as privileged, confidential and/or proprietary shall not include any document, or any information contained therein, which: (a) at the time of disclosure to the parties, is in the public domain; (b) after disclosure to the parties, becomes part of the public domain as a result of publication not involving a violation of this Order; (c) a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the document, or information contained therein, lawfully and under no obligation of confidentiality to Allstate; or (d) a receiving party can show was independently developed by it, before the time of disclosure, or after the time of disclosure by personnel who have not had access to Allstate's privileged, confidential and/or proprietary documents or information contained therein.

2. All documents that Allstate designates privileged, confidential and/or proprietary as described in Paragraph 1 above shall hereinafter be referred to as "CONFIDENTIAL DOCUMENTS" and shall further include any copies, summaries, or other documents, in whatever form, derived in whole or in part from such CONFIDENTIAL DOCUMENTS. CONFIDENTIAL DOCUMENTS shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

3. CONFIDENTIAL DOCUMENTS produced pursuant to this Confidentiality Order may be disclosed or made available only to the Court, to counsel of record for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the following "qualified persons":

   a. a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c.    court reporters employed in this action;

    d.    a witness at any deposition or other proceeding in this action; and

    e.    any other person to whom the parties in writing agree.

Prior to receiving any CONFIDENTIAL DOCUMENTS, each "qualified person" (with the exception of court reporters and Allstate personnel) shall be provided with a copy of this Confidentiality Order and shall execute a nondisclosure agreement in the form of Attachment "A" hereto. Except with regard to experts or consultants, counsel for all parties must be provided immediately with a copy of any signed nondisclosure agreement before any CONFIDENTIAL DOCUMENTS are disclosed to such person. With regard to experts, counsel shall be provided with a copy of the nondisclosure agreement bearing the signature of any such expert at the time that the disclosing party identifies such expert (or promptly after trial or settlement of this matter, whichever comes first).

4.    Testimony given in this case by declaration or affidavit, or taken at a deposition, conference, hearing or trial that relates or refers in any way to the CONFIDENTIAL DOCUMENTS shall also be treated as confidential.

5.    If any party discloses CONFIDENTIAL DOCUMENTS to a party not authorized to receive such CONFIDENTIAL DOCUMENTS, the party making such inadvertent disclosure shall notify the other party in writing within ten (10) days of the inadvertent disclosure, or first knowledge thereof, confirming that the inadvertently disclosed CONFIDENTIAL DOCUMENTS have been recovered from the individual to whom such inadvertent unauthorized disclosure was made, and verifying that no copies were made or retained by the individual receiving the unauthorized CONFIDENTIAL DOCUMENTS.

7.    If "CONFIDENTIAL DOCUMENTS" are attached to any papers to be filed in Court in this case, such attachments shall be labeled "CONFIDENTIAL --

- 3 -
STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS
LA 51369581

1 SUBJECT TO COURT ORDER." A party cannot attach "CONFIDENTIAL
2 DOCUMENTS" to any Court papers unless: (a) the party files the documents under
3 seal pursuant to an order of this Court; or (b) at least 30 days prior to attaching
4 "CONFIDENTIAL DOCUMENTS" to any Court papers, the party provides written
5 notice to the party producing the "CONFIDENTIAL DOCUMENTS" to allow the
6 producing party an opportunity to make a motion with the Court seeking an order
7 that the documents be filed under seal

8     8. In the event that any "CONFIDENTIAL DOCUMENTS" are used in
9 any court proceeding in this action, they shall not lose their confidential status
10 through such use, and the party using such shall take all reasonable steps to maintain
11 their confidentiality during such use to ensure that end.

12     9. This Confidentiality Order shall not prejudice the parties in any way in
13 any future application for modification of this Confidentiality Order.

14     10. Nothing in this Confidentiality Order or the giving of testimony or the
15 production of any information or documents under the terms of this Confidentiality
16 Order nor any proceedings pursuant to this Confidentiality Order shall be deemed to
17 have the effect of an admission or waiver by Allstate or of altering the confidentiality
18 of any of the CONFIDENTIAL DOCUMENTS.

19     11. This Confidentiality Order shall survive the final termination of this
20 action, and the Court shall retain jurisdiction to resolve any dispute concerning the
21 use and/or disclosure of CONFIDENTIAL DOCUMENTS hereunder. Upon
22 termination of this case, unless other arrangements are mutually agreed upon,
23 counsel for the parties shall assemble and return to Allstate's counsel all
24 CONFIDENTIAL DOCUMENTS and all copies of same, or shall certify the
25 destruction thereof.

26     12. Nothing contained in this Confidentiality Order shall operate as an
27 admission by Allstate that any particular CONFIDENTIAL DOCUMENTS are, or
28 are not, confidential, relevant, or admissible in this proceeding. Nothing in this

Confidentiality Order is intended to subtract from, or modify Allstate's objections to Plaintiffs' request for production of CONFIDENTIAL DOCUMENTS.

13. This Confidentiality Order shall be binding on each party (and each qualified person) who signs it, regardless of whether all parties become signatories hereto.

14. This Confidentiality Order may be modified only by the Court or by written agreement signed by counsel for the parties to the litigation.

The parties, through their respective counsel, agree that facsimile signatures shall have the same force and effect as originals.

Dated: 2/18/11

STROOCK & STROOCK & LAVAN LLP
James E. Fitzgerald
Brian Fodera

By: _____
Brian Fodera
Attorneys for Defendant
Allstate Insurance Company

Dated: 2/18/11

LAW OFFICE OF ROCKY K. COPLEY
Rocky K. Copley

By: _____
Rocky K. Copley
Attorneys for Plaintiff Ray Blanco

IT IS SO ORDERED.

Dated: 2/23, 2011   _____
The Honorable ~~Gary A. Feess~~
Charles F. Eick

# ATTACHMENT "A"
## NONDISLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Order re Confidentiality of Documents entered in Ray Blanco v. Allstate Insurance Company, United States District Court of the Central District of California, Case No. CV10-08620 GAF (Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I understand that if I violate the terms of this Stipulated Confidentiality Order I may be subject to sanctions or contempt of court proceedings. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____   _____

[Signature]